UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID REES, | ) | CASE NO. 4:15-cv-2050 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION** |
| CORRECTIONS CORPORATION OF AMERICA, | ) | **AND ORDER** |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is the unopposed motion of defendant Corrections Corporation of America ("CCA") to dismiss for failure to state a claim upon which relief can be granted. (Doc. No. 5.) For the reasons stated herein, a ruling on the motion is deferred, subject to the procedure set forth in the Conclusion.

## I. BACKGROUND

On September 4, 2015, plaintiff filed his complaint in the Mahoning County Court of Common Pleas. Defendant timely removed the action on the basis of diversity jurisdiction, since plaintiff is an Ohio resident and defendant is a Maryland corporation with its principal place of business in Nashville, Tennessee. (Doc. No. 1 at 2.[1])

Plaintiff alleges breach of an "implied contract" (Doc. No. 1-1 ["Compl."] ¶ 15), based on the following allegations. He alleges that he was employed by CCA as a corrections officer from August 11, 2008 through March 24, 2015. (*Id.* ¶¶ 2, 3.) His employment was terminated, allegedly for his failure to cooperate with an FBI investigation into the delivery to his

---

[1] All page number references are to the page identification number generated by the Court's electronic docketing system.

home of a package containing drugs. (*Id.* ¶¶ 4, 8.) Plaintiff alleges that, following his termination, he instituted "the Employee Grievance Procedure promised to employees of CCA[.]" (*Id.* ¶¶ 10, 13.) Plaintiff further alleges that defendant refused "to fairly administrate [sic] their [sic] grievance procedure, [which] constituted a breach of the promises made to Plaintiff, a breach of an implied contract made to Plaintiff, and they are not [sic] estopped from terminating the Plaintiff's employment." (*Id.* ¶ 15.) Plaintiff demands damages, together with interest, costs and attorney fees.

## II. DISCUSSION

**A.     Applicable Law**

   *1.     Failure to Oppose Motion to Dismiss*

Plaintiff, who is represented by counsel, has filed no opposition to the motion to dismiss. Under either of two scenarios, plaintiff's opposition is past due.

Under the Court's Initial Standing Order, any memorandum in opposition to a substantive motion filed before the Case Management Conference must be filed "within thirty (30) days of the *filing* of the motion[.]" (Doc. No. 4 at 19, emphasis added.) The motion was filed on October 9, 2015, making November 8, 2015 the 30th day. Since that was a Sunday, under Fed. R. Civ. P. 6(a), the filing date for the opposition brief was extended to Monday, November 9, 2015.

Even if the Court were to ignore its own Initial Standing Order and apply instead LR 7.1(d), which requires an opposition brief "within thirty (30) days after *service* of any dispositive motion[,]" the motion would still be unopposed. The motion was both filed and served electronically on October 9, 2015. Under Fed. R. Civ. P. 6(d), an additional three days is permitted when a party must act within a certain amount of time after service. Under that

scenario, the filing deadline extended to November 11, 2015. Since that was a federal holiday, the final (and latest) possible deadline for filing an opposition brief was November 12, 2015 at midnight. *See* Fed. R. Civ. P. 6(a)(4)(A) (defining "last day" for electronic filing).

No opposition was filed, nor was any extension sought, by either November 9 or November 12, 2015. Therefore, the motion is unopposed and the Court "may deem the plaintiff to have waived opposition to the motion." *Scott v. State of Tennessee*, No. 88-6095, 1989 WL 72470, at *2 (6th Cir. July 3, 1989) (citation omitted).

That said, "the movant must always bear [its] initial burden regardless if an adverse party fails to respond[,] … [even] in the context of a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." *Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991). Therefore, the Court must examine the motion in light of the complaint and the standard on a motion to dismiss.

### 2. *Standard on a Motion to Dismiss*

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Although this pleading standard does not require great detail, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (citing authorities). In other words, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Id*. at 556, n.3 (criticizing the *Twombly* dissent's assertion that the pleading standard of Rule 8 "does not require, or even invite, the pleading of facts").

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*,

556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570). Rule 8 does not "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id*. at 678-79. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 679. "The court need not, however, accept unwarranted factual inferences." *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citing *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)).

**B.** **Analysis**

Defendant's motion seeks dismissal of plaintiff's breach of contract complaint because of its failure to allege any written contract of employment, or any particular language of such contract, that might have been breached, as well as plaintiff's failure to attach any contract to the complaint. Defendant argues that, absent such allegations and/or attachment, the complaint fails to allege any legally-enforceable obligation to the plaintiff and/or any breach of such obligation.

Here, the complaint, best described as "bare bones," does allege that, as a condition of his employment with defendant, he was "promised" a fair grievance procedure "to vindicate him from any and all wrongdoing." (Compl. ¶ 11.) Plaintiff further alleges that defendant initially placed him on administrative leave for possession of contraband related to delivery of a suspicious package to his home (*id.* ¶ 12-13) – a matter he denies having any involvement with – but that, following the initiation of his grievance, defendant changed the disciplinary reason to failure to cooperate with the FBI investigation with respect to that package

(*id.* ¶ 13). He alleges, rather inartfully, that this amounted to an unfair grievance proceeding, which constituted a breach of a promise (an implied contract) that he would be afforded a fair grievance procedure prior to any termination of employment.

The Court believes the allegations of the complaint are unclear and, applying *Twombly* and *Iqbal*, the Court finds that, while the complaint presently does not comply with the requisite pleading standards, the Court cannot definitively conclude that it cannot be corrected by way of amendment. Therefore, subject to the procedure set forth in the Conclusion, the Court defers ruling on defendant's motion to dismiss.

### III. CONCLUSION

Although recognizing that the onus was on plaintiff to respond appropriately to defendant's motion to dismiss either by opposing it or by filing an amended complaint once as a matter of course under Fed. R. Civ. P. 15(a)(1)(B), the Court will take the conservative approach of allowing plaintiff an opportunity to amend his complaint, by December 9, 2015, if he chooses to do so.

If plaintiff fails to amend the complaint, defendant's motion to dismiss will be granted. If plaintiff timely files an amended complaint, defendant shall file its answer within fourteen (14) days, and the Court will then schedule the Case Management Conference. In the alternative, defendant shall either renew its original motion to dismiss or file a new motion to dismiss, which the Court will consider after timely briefing.

**IT IS SO ORDERED**.

Dated: November 24, 2015

                                            **HONORABLE SARA LIOI**
                                            **UNITED STATES DISTRICT JUDGE**